UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>ERIC LADEAUX,<br><br>　　　　　Defendant. | CR. 20-50128-JLV<br><br>ORDER |

Defendant Eric Ladeaux, appearing *pro se*, filed a motion for compassionate release. (Docket 125). Mr. Ladeaux claims he should be entitled to compassionate release because he has been held in pretrial detention for 34 months "under unfit conditions." Id. at p. 2.

On September 17, 2020, Mr. Ladeaux was indicted by a grand jury. (Docket 1). Mr. Ladeaux was ordered detained pending resolution of this case. (Docket 10). On March 7, 2022, following a jury trial conviction, Mr. Ladeaux was sentenced to 84 months custody on two counts of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of possession of an unregistered firearm in violation of 26 U.S.C. §§ 5861(d), 5845 and 5871. (Docket 103 at pp. 1-2). The sentence on each count is to be served concurrently to the other counts of conviction. Id. at p. 2.

On October 21, 2021, Mr. Ladeaux was indicted by a grand jury for conspiracy to distribute a controlled drug in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. (CR. 21-50052-09, Docket 134). An arrest warrant was

issued and on November 15, 2021, Mr. Ladeaux was ordered detained pending resolution of the alleged drug conspiracy offense. (Dockets 145 & 149). On August 31, 2023, following a bench trial, Mr. Ladeaux was convicted of conspiracy to distribute a controlled substance. (CR. 21-50052-09, Docket 449). Mr. Ladeaux awaits sentencing on this conviction.

Mr. Ladeaux seeks compassionate release because of the general conditions in the Pennington County Jail. These complaints are not individual to him, but instead relate to the general jail conditions. These complaints must be remedied through administrative avenues or lawsuits. See United States v. Bolden, CR16-320, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020) ("[c]onditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release."); United States v. Butov, 16-CR-226, 2020 WL 5910063, at *5 (W.D. Wash. Oct. 6, 2020) ("Courts have consistently rejected . . . generalized arguments as a basis for compassionate release," such as challenges to BOP medical staffing or lack of adequate testing); United States v. Rollness, CR06-041, 2021 WL 4476920, at *4 n.3 (W.D. Wash. Sept. 30, 2021) ("the Court rejects defendant's reasoning because it is not sufficiently individualized."); United States v. Ward, 20-cr-40101, 2022 WL 16538152 (S.D. Ill. October 28, 2022) ("As for the conditions of Ward's confinement, including exposure to mold, asbestos, and lead paint, he may seek relief from any unconstitutional conditions through an administrative remedy and then a conditions of confinement lawsuit.").

Because Mr. Ladeaux's sentence is a final judgment, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act ("FSA"), which amended 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release.

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Mr. Ladeaux has not exhausted his administrative remedies. For this reason, the court does not have jurisdiction to address Mr. Ladeaux's motion for compassionate release.

Accordingly, it is

ORDERED that defendant's motion for compassionate release (Docket 125) is denied without prejudice.

Dated September 15, 2023.

BY THE COURT:
/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE